**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-05035-DOC-KESx            Date: September 23, 2021

Title: EMY FRANCO v. DOES 1-10

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):     Order GRANTING Plaintiff's Motion to Compel Discovery (Dkt. 97)

## I. BACKGROUND.

In June 2020, Plaintiff Emy Franco ("Plaintiff") filed the instant action against 10 "Doe" defendants alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and other claims arising out of efforts to collect consumer debt related to Plaintiff's credit card account with Credit One Bank, N.A. ("Credit One"). (Dkt. 1.) Plaintiff alleged that the Does are "vendors hired to place collection calls for Credit One … posing as if they are actually Credit One Bank agents." (Id. ¶ 9.)

After subpoenaing Credit One to learn the identity of the vendors who called her, Plaintiff filed a First Amended Complaint ("FAC") naming (1) Alorica, Inc., (2) iEnergizer, Inc., and (3) Sutherland Global Services, Inc. (Dkt. 29.) Plaintiff later dismissed iEnergizer and Sutherland. (Dkt. 61, 64, 76, 77.)

In February 2021, Defendant EGS Financial Care, Inc. ("EGS") answered the FAC alleging that it was "misnamed as Alorica." (Dkt. 56.) EGS also filed a notice of interested parties identifying itself as "a wholly owned subsidiary of Alorica, Inc." (Dkt. 57.)

Plaintiff then filed the operative Second Amended Complaint ("SAC") naming Alorica and EGS as defendants. (Dkt. 66.) After EGS moved for judgment on the pleadings (Dkt. 84),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-05035-DOC-KESx    Date: September 23, 2021
                                    Page 2

the Court dismissed Plaintiff's TCPA claim but denied the motion as to claims for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") at Cal Civ. Code § 1788 et seq.; Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692 et seq.; and the common law tort of intrusion upon seclusion. (Dkt. 88.)

## II.     THE INSTANT MOTION TO COMPEL DISCOVERY.

Plaintiff served requests for production ("RFPs") on Alorica and EGS. On September 3, 2021, Plaintiff filed a motion to compel both Defendants to (1) supplement their written responses to RFPs 14 and 15 and (2) produce additional documents.

### A.     RFP 14.

Plaintiff propounded the same RFP 14 on both Defendants seeking "Any information or records relating to the details of the debt in Plaintiff's name." (Dkt. 97 at 10.)

#### 1.     Defendants' Objections.

Defendants served common objections to RFP 14 which are addressed in the chart below. (Dkt. 97 at 10-12.) In addition to these common objections, Alorica objected to both RFPs "on the grounds that [the RFP] is directed to Alorica, Inc., who was misnamed in Plaintiff's Complaint, and is not the appropriate entity in this Action." (Dkt. 97 at 11, 20.) Parties are permitted to serve RFPs on each other. Fed. R. Civ. P. 34. Unless and until Alorica is dismissed as a party, Plaintiff has done nothing objectionable by serving discovery on Alorica. This objection is OVERRULED as to both RFP 14 and 15.

| No. | Objection | Ruling |
|---|---|---|
| 1 | Defendant incorporates its General Objections as if set forth fully above. | The Federal Rules do not provide for "general" objections. Each response to RFPs "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Defendants have not provided their general objections in the Joint Stipulation or as an exhibit. Defendants did not address Plaintiff's arguments challenging them. (Dkt. 97 at 12.) The Court, therefore, disregards any "general" objections in assessing the sufficiency of Defendants' responses. |
| 2 | [The RFP] assumes facts not in evidence. | No facts are "in evidence" when the parties are conducting discovery. Defendants did not respond to Plaintiff's arguments challenging this objection. OVERRULED. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-05035-DOC-KESx Date: September 23, 2021
Page 3

| 3 | [The RFP] calls for a legal conclusion. | Defendants did not respond to Plaintiff's arguments challenging this objection. OVERRULED. |
|---|---|---|
| 4 | [The RFP] seeks information that is neither relevant nor proportional to the needs of this case. | RFP 14 seeks relevant information, since the lawsuit is about efforts to collect a debt from Plaintiff. Fed. R. Civ. P. 26(b). Defendants argue, "Plaintiff is well aware that Credit One has custody of documents relevant and proportional to the needs of this case." (Dkt. 97 at 7.) Defendants, therefore, appear to be arguing that although these documents are relevant, asking *them* for the documents creates a disproportional burden. After claiming it would be "unduly burdensome," however, EGS states that it is seeking "the production of Plaintiff's account notes from Credit One, and it will produce them once received." (Id. at 9.) It eventually obtained and produced them. (Dkt. 103 at 4.)<br><br>Defendants did not file evidence of the time or expense needed to obtain responsive records. They failed to substantiate their objection based on burden or disproportionality. OVERRULED. |
| 5 | [The RFP] calls for the production of documents protected by the attorney-client privilege, work product immunity, or any other applicable privilege, immunity or protection. | If Defendants are withholding responsive records based on this objection, then they must produce a privilege log identifying such records within fourteen (14) days of this Order. |
| 6 | [The RFP] calls for the identification or production of documents or information in the possession, custody or control of persons or entities other than Defendant. | The fact that documents may be in the possession, custody, or control of multiple persons/entities does not provide a basis for objecting to an RFP. OVERRULED. |
| 7 | [The RFP] is vague and ambiguous. | Defendants argue, "The 'debt' referred to in this request is not defined." (Dkt. 97 at 16.) The term debt is defined by the relevant statutes. (Id. at 13.) The RFP intelligibly describes the kind of documents Plaintiff seeks. OVERRULED. |
| 8 | [The RFP] seeks confidential business information. | This concern is adequately addressed by the discovery protective order at Dkt. 90. OVERRULED. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-05035-DOC-KESx    Date: September 23, 2021
                                                                                             Page 4

### 2.    Defendants' Substantive Written Responses.

After objecting to RFP 14, EGS responded, "Subject to and without waiving the foregoing objections, Defendant will produce all responsive and nonprivileged documents, ***if any***, that are within its possession, custody and control and that can be located after a reasonable search." (Id. at 11 [emphasis added].) This does not comply with the Federal Rules. By adding "if any," EGS fails to disclose whether it located and will produce any responsive documents. Fed. R. Civ. P. 34(b)(2)(B). EGS further fails to disclose if it is withholding documents based on particular objections. Fed. R. Civ. P. 34(b)(2)(C).

Alorica responded, "Subject to and without waiving the foregoing objections, Defendant refers to EGS's Responses and Objections to Plaintiff's First Requests for Production as directed to EGS Financial Care, Inc." (Id. at 11-12.) Alorica thus incorporated EGS's defective response as its own.

### 3.    Defendants' Document Production.

In its supplemental memo, EGS advised, "On Tuesday, September 14, 2021, EGS produced copies of Plaintiff's Account documents received from Credit One, including Plaintiff's account notes, call logs, account statements, application data, and all applicable Card Member Agreements pertaining to Plaintiff's Account." (Dkt. 103 at 4.)

The Court, therefore, need not reach Defendants' argument that they lack possession, custody, or control over responsive documents.

### B.    RFP 15.

Plaintiff propounded the same RFP 15 on both Defendants seeking "Any and all information on how Plaintiff's account was placed with you for collection, including any and all information provided to you by Credit One Bank, N.A., and any and all contracts, agreements, and/or documents you have entered into with Credit One Bank, N.A. for any purpose related to collection on Plaintiff's account." (Dkt. 97 at 19.)

### 1.    Defendants' Objections.

| No. | Objection | Ruling |
|---|---|---|
| 1 | Defendant incorporates its General Objections as if set forth fully above. | Disregarded for the reasons explained for RFP 14. |
| 2 | [The RFP] assumes facts not in evidence. | OVERRULED for the reasons explained for RFP 14. |
| 3 | [The RFP] is overbroad, unduly burdensome and oppressive. | This repeats Defendants' relevance/proportionality objection, discussed below. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-05035-DOC-KESx            Date: September 23, 2021
                                                                                                                                                                  Page 5

| | | |
|---|---|---|
| 4. | [The RFP] seeks information that is neither relevant nor proportional to the needs of this case. | Defendants argue that Plaintiff has not articulated any relevance (Dkt. 97 at 24), but Plaintiff explained that these documents could shed light on the relationship between entities trying to collect debt from Plaintiff, their roles, their obligations, their actions, and consequently, whether they satisfy relevant statutory definitions (id. at 21-22). There is a factual dispute about whether Alorica (the entity identified by Credit One), EGS (a subsidiary of Alorica), or both participated in wrongful conduct. EGS disputes that it is a creditor. (Dkt. 97 at 16.) The requested contracts could also shed light on who has control over which documents. The requested documents are relevant to these issues. Fed. R. Civ. P. 26(b).<br><br>Defendants argue that Plaintiff does not need documents because Plaintiff already deposed Mr. Balthaser on these topics. (Dkt. 103 at 4.) But Plaintiff is not required to choose between obtaining deposition testimony or documents. The fact that different forms of discovery seek information about the same topics does not make the discovery burdensome or disproportional.<br><br>Defendants fault Plaintiff for not demonstrating why the requested records are proportional to the needs of the case. (Dkt. 97 at 25.) As the parties resisting the production of relevant documents based on burden, Defendants need to show with evidence why producing the requested records would be burdensome. They have not done so. OVERRULED. |
| 5 | [The RFP] calls for the production of documents protected by the attorney-client privilege, work product immunity, or any other applicable privilege, immunity or protection. | If Defendants are withholding responsive records based on this objection, then they must produce a privilege log identifying such records within fourteen (14) days of this Order. |
| 6 | [The RFP] calls for the identification or production of | OVERRULED for the reasons explained for RFP 14. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-05035-DOC-KESx                      Date: September 23, 2021
                                                                                                                                   Page 6

| | | |
|---|---|---|
| | documents or information in the possession, custody or control of persons or entities other than Defendant. | |
| 7 | [The RFP] is vague and ambiguous. | Plaintiff has intelligibly described the kind of documents she seeks. OVERRULED. |

## 2. Defendants' Substantive Written Responses.

EGS did not provide a substantive written response to RFP 15 beyond objections. (Dkt. 97 at 19-20.) Alorica again referred to EGS's response. (Id. at 20.)

In the Joint Stipulation, Alorica now says, "Alorica does not have any documents responsive to Request No. 15." While that may be true, Plaintiff is entitled to receive that information in a supplemental written response to RFP 15.

EGS argues that its failure to produce documents is justified by its relevance and burden/disproportionality objections. (Dkt. 97 at 24.) Those objections have been overruled above. In the Joint Stipulation, EGS argues that its contract with Credit One "is a confidential, proprietary business agreement." (Dkt. 97 at 26.) While EGS objected on this ground to RFP 14 (id. at 11), it did not object on this ground to RFP 15 (id. at 19-20). Objections not asserted in Defendants' initial written response have been waived.

In sum, neither EGS nor Alorica have asserted objections that justify their failure to provide a substantive written response to RFP 15 and produce all non-privileged, responsive documents within their possession, custody, or control.

## 3. Defendants' Document Production.

EGS produced "telephone call logs and call recordings." (Dkt. 97 at 27.) It appears no additional documents have been produced in response to RFP 15. (Dkt. 103.)

## III. CONCLUSION.

The hearing noticed for September 28, 2021, is ordered OFF CALENDAR. Plaintiff's motion to compel discovery (Dkt. 97) is GRANTED. Within fourteen (14) days of this Order, both Defendants shall (1) serve supplemental written responses to RFPs 14 and 15 that withdraw all objections overruled in this Order and provide substantive information that satisfies their obligations under the Federal Rules; (2) produce all non-privileged, responsive documents in their possession, custody, or control; (3) and produce a privilege log that sufficiently identifies all responsive documents that they withheld on the basis of privilege, if any.

                                                                                                                 Initials of Deputy Clerk JD