UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-05035-DOC-KESx Date: November 5, 2021

Title: EMY FRANCO v. ALORICA INC., et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

---

**PROCEEDINGS (IN CHAMBERS): Order DENYING Plaintiff's Motion to Compel (Dkt. 139)**

On October 18, 2021, Emy Franco ("Plaintiff") moved the Court to compel nonparty Credit One Bank, N.A. ("Credit One") to appear for a deposition as provided for in a subpoena served on Credit One on September 8, 2021 (see Dkt. 139-2 [the "2021 Subpoena"]) and award Plaintiff $5,200 in sanctions under Federal Rule of Civil Procedure 37(a)(5). (Dkt. 139 ["Motion"], 142 [supplemental memo].) For the reasons stated below, the Court DENIES Plaintiff's Motion, without prejudice to Plaintiff renewing her Motion if she successfully moves for an extension of the discovery motion cutoff date. The hearing set for November 9, 2021, is STRICKEN.

## I. FACTUAL BACKGROUND.

In August 2020, Plaintiff served her first subpoena on Credit One (the "2020 Subpoena"). (Dkt. 139-5.) It was served with a cover letter stating, "We will be sure to provide a check for the deposition witness fee, at the location on the subpoena, the day of the deposition." (Id. at 2.) The 2020 Subpoena sought a video deposition of a Credit One representative and documents identifying the vendors used to call Plaintiff, the number of calls made to Plaintiff, any recordings of those calls, and any related notes from October 1, 2018, through April 30, 2019. (Id. at 3.)

After discussing the 2020 Subpoena and another subpoena issued by Plaintiff's counsel to Credit One in a different case, i.e., the Austria case, on October 13, 2020, Credit One's lawyer sent an email representing that Credit One had produced documents responsive to the 2020 Subpoena and asking if this resolved the need for a deposition in Franco. (Dkt. 139-7 at 3.) Plaintiff's counsel responded, "We need the documents for the Austria matter to agree not to hold the deposition." (Id. at 2.) On December 4, 2020, Credit One sent additional documents and emailed, "we trust this production satisfies the [2020] subpoena in full, including the need for a deposition …." (Dkt. 139-8 at 2.)

On September 8, 2021, Plaintiff served the 2021 Subpoena on Credit One. (Dkt. 139-2 at 16.[1]) A deposition was noticed for September 27, 2021, and sought five categories of documents by September 23, 2021: (1) documents pertaining to Plaintiff's Credit One account; (2) Credit One's debt collection policies and procedures provided to vendors; (3) Credit One's training materials regarding debt collection provided to vendors; (4) Credit's One's service agreements with the vendors that called Plaintiff; and (5) communications between Credit One and those vendors. (Id. at 4, 7, 12.)

On September 21, 2021, counsel for Credit One emailed to confirm receipt of the 2021 Subpoena but advised that that proof of service declaration was defective. (Dkt. 139-3 at 19–20.) Counsel stated that since Plaintiff had already received documents responsive to the 2020 Subpoena and was pursuing the remaining documents from Defendant EGS, there was no need to pursue discovery from Credit One. (Id.) Plaintiff's counsel responded that the 2021 Subpoena was served on Credit One on September 8, 2021,[2] and a deponent needed to appear. (Id. at 19.) On September 22, 2021, Plaintiff's counsel emailed that the deposition was still scheduled for Monday, September 27, 2021. (Id. at 17.)

On September 23, 2021, counsel spoke on the phone and exchanged a confirming email afterwards. The email states in relevant part:

> As discussed, you agreed to send us a draft declaration tonight for Credit One's consideration. You agreed that the declaration combined with Credit One producing the vendor agreement at issue will alleviate the need for Credit One's deposition. As such, we agreed to change the date of the deposition (without waiving any of Credit One's rights or objections to subpoena and/or the topics) until at least Thursday next week (9/30) so we have enough time to finalize a declaration.

(Id. at 16.)

---

[1] This POS declaration reflects service by email on counsel for Defendant EGS. There are two blank POS declarations (Dkt. 139-2 at 5 and 8), but no POS declaration describing service on Credit One.

[2] The original email says, "See attached," but the attachment is not part of the exhibit. (Dkt. 139-3 at 19.)

On September 24, 2021, Plaintiff's counsel sent the proposed declaration. (Id. at 14.) Later that day, Credit One sent it back executed, but with substantial revisions. (Id. at 13.) Credit One also produced its vendor services agreement, because Plaintiff had prevailed on a motion to compel EGS to produce it on September 23, 2021. (Dkt. 111.)

Upon receipt of these items, Plaintiff's counsel objected that Credit One had made unilateral redactions to the service agreement and changes to the declaration's language. He wrote, "If you don't want the deposition you need to agree to keep that language. We won't agree to the declaration presented by your client." (Dkt. 139-3 at 12.)

On September 24, 2021, Credit One serviced formal objections to the 2021 Subpoena. (Dkt. 139-10.) Those objections do not raise any defects in service. On Sept 27, 2021, Credit One agreed to remove some of the redactions to the vendor service agreement, but it did not agree to revise the declaration. (Dkt. 139-3 at 11.) Plaintiff's counsel explained that without a revised declaration, the deposition was still on for Thursday, September 30, 2021. (Id. at 10.) Later that day, Credit One sent a proposed redline of Plaintiff's original draft declaration. (Id.) Finding the proposed revisions still unacceptable, Plaintiff's counsel responded, "We will need to take the deposition …." (Id. at 9.)

On September 28, 2021, Credit One wrote, "We wanted to try to take one more swing at a declaration …." Credit One explained its proposed revisions. (Id. at 8.) Plaintiff's counsel emailed that the proposed revisions were still confusing, and Credit One's counsel offered to conduct a phone call to "go through the document with one of you line by line." (Id. at 7.) After a call on September 29, 2021, Plaintiff's counsel sent another proposed declaration with "track changes" reflecting language he thought the parties had agreed to during the call. (Id. at 4.) He wrote, "If your client accepts the declaration, then the last hurdle we have is to get EGS to agree to its admissibility." (Id.) He followed up with two emails on October 1, 2021, noting, "We have the deposition scheduled for Monday [October 4, 2021] and I need to know if your client will be agreeing to our declaration or not." And "[w]e need to confirm the deposition on Monday with the court reporter. If I don't hear back from you in the next hour regarding the declaration, we will proceed with confirming the deposition on Monday." (Id. at 3–4.)

Later on October 1, 2021, Credit One responded that it would not appear for the Monday deposition. It viewed the declaration it had already executed as obviating the need for the discovery sought. It pointed out that it had objected to the 2021 Subpoena, and the parties had never met and conferred to resolve those objections. It insisted that Credit One would need to serve a new deposition notice for any rescheduled date. (Id. at 2.)

On October 6, 2021, the parties met and conferred over Credit One's objections to the 2021 Subpoena. (Dkt. 139-4 ¶ 27.) On October 8, 2021, Plaintiff provided Credit One with Plaintiff's portion of a joint stipulation, the next step in bringing a discovery motion under Local Rule 37-2. (Id. ¶ 29.) Plaintiff filed the instant Motion on October 18, 2021.

## II. DISCUSSION.

While the timing arguments are dispositive, the Court addresses the parties' other arguments to provide guidance to avoid future discovery disputes.

### A. Timing Arguments.

#### 1. Service of the Subpoena.

In the Scheduling Order, the Court set the Fact Discovery Cutoff at October 4, 2021. (Dkt. 93 at 1.) The Court further ordered that all depositions were to be scheduled to commence at least five (5) working days prior to the discovery cutoff date. (Id. at 2–3.) All "interrogatories, requests for production of documents, and requests for admissions" were required to be served at least forty-five (45) days before the discovery cutoff date, i.e., by Friday August 20, 2021. (Id. at 3.)

Here, the 2021 Subpoena was served on September 8, 2021, which is after the service deadline for requests for production. (Dkt. 139-3 at 19.) It did, however, notice the deposition for September 27, 2021 (Dkt. 139-2 at 7), which was more than five days before the October 4, 2021 cutoff date. Plaintiff appears to contend that her subpoena was timely, because it noticed Credit One's deposition for a date before the discovery cutoff date. (Dkt. 139 at 10–11.) Credit One appears to contend that the subpoena was untimely, because it contained requests for production and was not served at least 45 days before the discovery cutoff date. (Id. at 15 n.4.)

Because Plaintiff is only moving to compel a deposition and not moving to compel document production, the Court considers the 2021 Subpoena's timeliness under the Scheduling Order's provisions for depositions. The 2021 Subpoena was not untimely under that provision.

#### 2. Service of the Motion to Compel.

The Motion was not filed until October 18, 2021, which is after the October 9, 2021 discovery motion cutoff date. (Dkt. 93 at 3.) Plaintiff argues that she should be excused for this late filing because it was Credit One's obligation to file a timely motion to quash, not Plaintiff's obligation to file a timely motion to compel. (Dkt. 142 at 5.)

On a timely motion, the Court may quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A). While a nonparty served with a subpoena may object, see Fed. R. Civ. P. 45(d)(2)(B), objecting alone does not excuse compliance. A nonparty objecting to a subpoena must file a motion to quash the subpoena before the deposition date identified in the subpoena or the requested date for production of documents. See Anderson v. Abercrombie & Fitch Stores, Inc., No. 06cv991, 2007 U.S. Dist. LEXIS 47795, at *25, 2007 WL 1994059, at *8 (S.D. Cal. July 2, 2007) (discussing the timing of a party's motion to quash a subpoena served on a nonparty).

Here, Plaintiff cannot persuasively argue that Credit One must comply with the 2021 Subpoena because Credit One failed to file a timely motion to quash—***because Plaintiff served the 2021 Subpoena so late as to make a timely motion to quash impossible***. Specifically, the joint stipulation procedure set forth in Local Rule 37 "applies to all motions relating to discovery subpoenas served on … non-parties represented by counsel," such as Credit One. L.R. 45-1. Under that procedure, the moving party is required to send a letter identifying each disputed issue and requesting a conference, which must be scheduled within ten days. L.R. 37-1. If the parties cannot resolve their disagreement, then the moving party transmits its portion of a joint stipulation, and the opposing party has seven days to respond. L.R. 37-2.2. The motion must be noticed to be heard on a regular motion day for the assigned magistrate judge at least 21 days after its filing date. L.R. 37-3. Here, because the assigned magistrate judge hears motions on Tuesdays, the last motion day before the October 9, 2021 discovery motion cutoff date was October 5, 2021. Thus, Credit One would have needed to file any motion to quash no later than September 14, 2021. This means that the deadline for serving the initial portion of any joint stipulation for an eventual motion to quash (September 7, 2021) and the ten-day period for conferring (stating August 30, 2021) would both have passed ***before*** the 2021 Subpoena was even served on Credit One.

In other words, although the Scheduling Order allowed for deposition subpoenas to be served on reasonable notice so long as the deposition was scheduled to start no later than September 29, 2021, the Scheduling Order did not allow sufficient time for anyone to file any motions concerning such subpoenas. Should this quirk of the Scheduling Order work against nonparty Credit One (as Plaintiff contends by arguing that Credit One's failure to file a timely motion to quash means it must appear for a deposition) or against Plaintiff (as Credit One contends by arguing that Plaintiff failed to file a timely motion to compel)? The answer must be Plaintiff, because (1) Plaintiff was aware of the need to conduct diligent discovery and the Scheduling Order since it was entered in August 2021 (Dkt. 93); (2) Plaintiff has not explained why she did not serve the 2021 Subpoena earlier;[3] and (3) Rule 45 generally disfavors shifting discovery burdens from parties to nonparties.

The Court can extend the discovery and motion cutoff dates for good cause. Fed. R. Civ. P. 16(b)(4). When ruling on a motion to modify a scheduling order by reopening discovery, the Court must consider whether (1) trial is imminent, (2) the nonmoving party opposes reopening discovery, (3) the nonmoving party would be prejudiced by reopening discovery, (4) the moving party was diligent in obtaining discovery within the guidelines established by the Court, (5) the need for additional discovery was foreseeable in light of the time the Court allowed for discovery, and (6) additional discovery will likely lead to relevant evidence. City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). The parties'

---

[3] It may be that Plaintiff did not realize until late August 2021 that the District Judge intended to set a fact discovery cutoff date in October 2021 and that Plaintiff would not be able to pursue additional discovery against Defendants. If that is the case, it was incumbent on Plaintiff to explain at the scheduling conference what discovery was outstanding and necessary.

briefing does not address these factors. The Court's ruling is without prejudice to a renewed motion to compel (or motion to quash) if a party successfully moves for an extension of the discovery motion cutoff date.

### B. Defective Service.

Credit One argues that it cannot be compelled to appear, because the 2021 Subpoena was not served with the required witness fee for one day's attendance and reasonable mileage. (Dkt. 139 at 23.) See Fed. R. Civ. P. 45(b)(1); Chaudhry v. Angell, No. 1:16-cv-01243, 2021 U.S. Dist. LEXIS 81651, at *10–11, 2021 WL 1666988, at *4 (E.D. Cal. Apr. 28, 2021) (granting motion to quash based on failure to tender witness fees concurrently with service and collecting similar cases). From the exhibits, it is unclear if the 2021 Subpoena was accompanied by a cover letter like the 2020 Subpoena offering to pay the witness fees at the deposition.

This service defect can be waived. See BNSF Ry. Co. v. Alere, Inc., No. 18-CV-291, 2018 U.S. Dist. LEXIS 83559, at *12–13, 2018 WL 2267144, at *6 (S.D. Cal. May 17, 2018) ("It is well settled that a witness fee must be tendered concurrently with the service of a subpoena[;] … [t]hus, unless Respondent waived the requisite tendering of a witness fee or failed to properly object to the absence of such a fee, service of the subpoena was defective."); Columbia Asset Recovery Grp., LLC v. Phx. Processor Ltd. P'ship, No. C13-2302RSL, 2014 U.S. Dist. LEXIS 27654, at *3 n.1, 2014 WL 813796, at *1 n.1 (W.D. Wash. Mar. 3, 2014) ("The Court finds that PPLP's objection based on the failure to tender a witness fee was waived."). The wisdom of such a waiver rule is evident. Once notified of this service defect, the serving party can usually remedy it without creating delay and without anyone needing to bring a motion. See In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998) (Rule 45 requires "the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'"). Credit One never raised this service defect in its written objections or emails to Plaintiff's counsel, thus waiving it.

Credit One also argues that service was defective because the 2021 Subpoena sought document production with less than 30 days' notice and deposition testimony with less than "reasonable" notice. (Dkt. 139 at 22.) Again, this issue was never raised in Credit One's written objections or emails to Plaintiff's counsel, so it has been waived. To the extent this argument is directed only at re-scheduled deposition dates after September 27, 2021, at that point, the parties were meeting and conferring, and Credit One had notice of a potential deposition since September 8, 2021, when the 2021 Subpoena was served.

### C. Judicial Estoppel.

Credit One invokes the doctrine of judicial estoppel to argue that since Plaintiff agreed to accept certain documents in lieu of taking a deposition as requested in the 2020 Subpoena, Plaintiff was barred from serving another subpoena on Credit One. (Dkt. 139 at 19–20.) The doctrine of judicial estoppel "precludes a party from gaining an advantage by taking one

position, and then seeking a second advantage by taking an incompatible position." Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996). Judicial estoppel typically has three elements: "First, a party's later position must be 'clearly inconsistent' with its earlier position"; second, the party must have "succeeded in persuading a court to accept that party's earlier position;" and third, "the party seeking to assert an inconsistent position [must] derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire v. Maine, 532 U.S. 742, 750–51.

Here, there is no evidence that Plaintiff's prior position regarding what Credit One needed to do to satisfy the 2020 Subpoena was ever presented to and accepted by a Court. To the extent Credit One is alleging that Plaintiff breached an agreement to limit discovery made in connection with the 2020 Subpoena, the Court sees nothing in counsel's emails suggesting that Plaintiff agreed not to issue a second subpoena to Credit One. If Credit One is alleging that Plaintiff breached an agreement to accept a declaration in lieu of deposition testimony in response to the 2021 Subpoena, Plaintiff never agreed to accept a declaration unilaterally revised by Credit One.

## D. Rescheduling.

Credit One argues that once Plaintiff agreed to reschedule the deposition to give the parties more time to work on an alternative approach that was less burdensome to Credit One, Plaintiff was obligated to serve a new subpoena with the new date, location, and time. (Dkt. 139 at 21–22.) The Court rejects this argument. It is clear from counsel's communications that Plaintiff agreed to reschedule the deposition to accommodate Credit One, and Credit One never told Plaintiff that it would not honor a rescheduled date without a new subpoena until it was too late to for Plaintiff to serve a new subpoena.

## E. Undue Burden.

Credit One argues that testimony about its vendor services agreement and vendor policies is available from the vendor defendants. It is far from clear, however, that Credit One would not have unique knowledge about these relationships and its own policies and procedures. This argument is insufficient to justify a protective order against the 2021 Subpoena.

Initials of Deputy Clerk JD